The State ex rel. Gannett Satellite Information Network, d.b.a.
The Cincinnati Enquirer, v. Shirey, City Manager, et al.

[Cite as State ex rel. Gannett Satellite Information
Network v. Shirey (1996), 76 Ohio St.3d 1224.]

(No. 96–1165—Submitted July 24, 1996—decided September 6, 1996.)

*Graydon, Head & Ritchey, John C. Greiner, John A. Flanagan* and *R. Kenneth Wellington II,* for relator.

*Fay D. Dupuis,* Cincinnati City Solicitor, and *Karl P. Kadon,* Deputy City Solicitor, for respondent John F. Shirey.

*Wilmer, Cutler & Pickering* and *Max O. Truitt, Jr., pro hac vice,* for respondent Hubert Williams, d.b.a. The Police Foundation.

The cause is before the court on two motions to dismiss. *Sua sponte,* the court grants an alternative writ.

Moyer, C.J., Pfeifer, Cook and Stratton, JJ., concur.

Douglas, Resnick and F.E. Sweeney, JJ., concur separately.

Douglas, J., concurring. The facts of this case are not difficult. Respondent city of Cincinnati contracted with a private consultant, respondent Hubert Williams, to assist in the hiring of a city safety director. Williams agreed, among other things, to arrange for and assist with interviews, evaluate applications, and develop a list of final applicants for the position. Relator, Gannett Satellite Information Network, which publishes The Cincinnati Enquirer, requested, from the city and Williams, access to all records pertaining to the position of safety director. The city specifically refused relator's request for resumes, applications and questionnaires submitted by applicants on the basis that these documents were in the possession of Williams and that Williams had designated the records as trade secrets.

Relator has a clear legal right to the information requested. For all practical purposes, this case cannot be distinguished from *State ex rel. Plain Dealer*

*Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 661 N.E.2d 187, wherein we recently held that resumes of police chief applicants sent to a private search firm acting on behalf of the city of Cleveland constituted public records that were not prohibited from disclosure under R.C. 149.43. In *Plain Dealer*, the Mayor of the city of Cleveland had hired a private executive search firm to solicit and obtain resumes of individuals interested in the position of police chief. Here, as in *Plain Dealer*, a public official had contracted with a private entity for a public purpose.

Additionally, further support for relator's requested writ can be found in *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 550 N.E.2d 464. In *Mazzaro*, 49 Ohio St.3d at 39, 550 N.E.2d at 467, we held that "where (1) a private entity prepares records in order to carry out a public office's responsibilities, (2) the public office is able to monitor the private entity's performance, and (3) the public office has access to records for this purpose, a relator in an R.C. 149.43(C) mandamus action is entitled to relief [peremptory writ] regardless of whether he also shows that the private entity is acting as the public office's agent." In this case, Williams collected and prepared documents in order to assist in the city's public function of hiring a safety director. R.C. 149.43(C) allows a mandamus action against either the governmental unit or the person responsible for a record.

Based on the foregoing, I agree that a writ should issue. However, because the right to require the performance of the act is clear and because it is apparent that no valid excuse can be given for not doing it, see R.C. 2731.06, I would grant relator's initial request for a peremptory writ. Further, based on our decisions in *Plain Dealer* and *Mazzaro, supra,* I would also award relator attorney fees.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing opinion.