**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 400.]**

THE STATE EX REL. GANNETT SATELLITE INFORMATION NETWORK, D.B.A. THE CINCINNATI ENQUIRER, *v.* SHIREY, CITY MANAGER, ET AL.

[Cite as *State ex rel. Gannett Satellite Info. Network v. Shirey*, 1997-Ohio-206.]

*Mandamus requiring Cincinnati City Manager to permit petitioner access to records concerning information on applicants for safety director's job— Writ denied when mandamus claim moot—Attorney fees granted, when.*

(No. 96-1165—Submitted March 18, 1997—Decided May 14, 1997.)

IN MANDAMUS.

————————————

{¶ 1} In February 1996, the city of Cincinnati, through its city manager, respondent John Shirey, contracted with a private consultant, respondent Hubert Williams, d.b.a. The Police Foundation ("Williams"), to assist the city in hiring a safety director. Under the contract, Williams agreed, among other things, to evaluate applications, to arrange for and assist in interviews, and to provide Shirey with a "short list" of final applicants. The agreement further provided that "[a]ll applications and resumes shall become the sole property of the Consultant, and will not be subject to public review."

{¶ 2} In accordance with the contract, Williams solicited applications for the safety-director position. Williams assured applicants that any information given would remain confidential. After receiving resumes and other records, Williams initially reduced the number of finalists to twenty, and ultimately to eight. Under his nonprofit corporation's records retention policy, Williams discarded all records relating to the rejected applicants except for their evaluation summaries. Williams gave the final list of eight applicants and their resumes and supporting documents to the city.

**{¶ 3}** In May 1996, a reporter employed by relator, Gannett Satellite Information Network, d.b.a. The Cincinnati Enquirer ("Gannett"), requested that Shirey provide access to certain records under Ohio's Public Records Act, R.C. 149.43. Gannett requested access to "all documents" pertaining to applicants for the safety director's job, including names and resumes submitted. Shirey provided Gannett with two documents related to the city's recruiting efforts for safety-director candidates. Shirey, however, denied Gannett's request for other records on the basis that they were in Williams's possession, and that Williams had designated the records as trade secrets. Shirey and Williams rejected Gannett's subsequent requests for these records.

**{¶ 4}** Gannett then filed this action for a writ of mandamus to compel Shirey and Williams to provide access to the requested records. The city issued a press release disclosing the names of the eight finalists for safety director and gave Gannett access to the finalists' resumes. Shortly after our issuance of an alternative writ, 76 Ohio St.3d 1224, 669 N.E.2d 1148, Williams provided Gannett with copies of its lists of the top twenty and top eight safety-director candidates, resumes and records submitted by the eight finalists, and Williams's evaluation summaries of all the applicants. The records produced by Williams represented all the then-existing requested records. Resumes and supporting documents submitted by applicants other than the eight finalists had been destroyed by Williams prior to Gannett's records requests.

**{¶ 5}** The cause is now before this court for a consideration of the merits, including Gannett's request for attorney fees.

---

*Graydon, Head & Ritchey*, *John C. Greiner*, *John A. Flanagan* and *R. Kenneth Wellington II*, for relator.

*Fay D. Dupuis*, Cincinnati City Solicitor, and Karl P. Kadon, Deputy City Solicitor, for respondent Shirey.

*Wimer, Cutler & Pickering* and *Max O. Truitt, Jr.*, *pro hac vice*, for respondent The Police Foundation.

_____

*Per Curiam.*

### *R.C. 149.43; Mandamus*

{¶ 6} Gannett claims that it is entitled to a writ of mandamus compelling Shirey and Williams to provide access to the requested records. Mandamus is the appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 89. R.C. 149.43 is to be construed liberally in favor of broad access, and any doubt is to be resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 376, 662 N.E.2d 334, 336.

{¶ 7} Williams contends that Gannett's mandamus claim is moot because it has now been provided copies of all the existing requested records. Generally, provision of the requested records to the relator in a mandamus action brought under R.C. 149.43 renders the mandamus claim moot. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837 (relator's mandamus action is moot as to records it had been provided); *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 172-173, 661 N.E.2d 1049, 1050-1051 (person requesting records receives them only after mandamus action is filed, thereby rendering mandamus claim moot); *State ex rel. Mancini v. Ohio Bur. of Motor Vehicles* (1994), 69 Ohio St.3d 486, 488, 633 N.E.2d 1126, 1128; *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 18, 29 OBR 236, 504 N.E.2d 1114.

{¶ 8} Nevertheless, a mandamus action under R.C. 149.43 is not rendered moot by the provision of the requested records if there exist important issues that are capable of repetition, yet evading review. See, *e.g.*, *State ex rel. Margolius v. Cleveland* (1992), 62 Ohio St.3d 456, 584 N.E.2d 665, 667, fn. 1. Gannett asserts

that the important issue here which is capable of repetition yet evading review is whether the public has the right to know the names of candidates for public positions when the government delegates part of the hiring process to a private entity.

**{¶ 9}** Gannett's assertion, however, is meritless because we recently resolved a substantially similar question. *State ex rel. The Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 661 N.E.2d 187. Further, we may address some of the issues raised in the context of Gannett's request for attorney fees. Therefore, we deny Gannett's mandamus claim based on mootness.

*Request for Attorney Fees*

**{¶ 10}** Gannett requests attorney fees. "A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." *Pennington* at syllabus. We may thus exercise our discretion and award attorney fees if the four *Pennington* factors are satisfied.

**{¶ 11}** Gannett initially requests attorney fees from Shirey. First, it must be determined whether Gannett made a proper request for public records under R.C. 149.43. In *Plain Dealer*, the court held that resumes of police-chief applicants collected by a private executive-search firm retained by the city of Cleveland constituted public records subject to disclosure under R.C. 149.43. Similarly, it is evident here that the resumes and supporting documentation supplied by the safety-director applicants to the private company hired by Cincinnati were public records.

**{¶ 12}** But Shirey contends that *Plain Dealer* is inapposite because (1) the agreement between Cincinnati and Williams specified that applications and

resumes were the property of Williams and not subject to public review, (2) Gannett did not establish that Williams acted as Cincinnati's agent or that Cincinnati was able to either monitor Williams's performance or have access to records in Williams's possession, and (3) Williams asserted that the records in his possession were exempt trade secrets.

{¶ 13} Shirey's contentions are meritless for the following reasons. First, the city's contract with Williams and Williams's promises of confidentiality to applicants did not alter the public nature of resumes and documents submitted by applicants for the safety-director position. *Findlay Publishing Co.,* 76 Ohio St.3d at 583, 669 N.E.2d at 838-839 (requests of victim's relatives to withhold coroner's suicide records do not alter the public nature of the records); *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 384, 18 OBR 437, 439, 481 N.E.2d 632, 634 (contractual provision between city and employees cannot alter duty of city to provide access to public records under R.C. 149.43); see *State ex rel. Sun Newspapers v. Westlake Bd. of Edn.* (1991), 76 Ohio App.3d 170, 173, 601 N.E.2d 173, 175 (public entity cannot enter into enforceable promises of confidentiality with respect to public records).

{¶ 14} Second, even assuming that Gannett did not establish that Williams acted as the city's agent or that the relationship between the city and Williams satisfied the tripartite test in *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 39, 550 N.E.2d 464, 467, it is evident that, as in *Plain Dealer*, a public official contracted with a private entity for a public purpose: to assist in the filling of an important municipal position. In this regard, in *Forum Publishing Co. v. Fargo* (N.D.1986), 391 N.W.2d 169, a case we cited with approval in *Plain Dealer,* 75 Ohio St.3d at 35, 661 N.E.2d at 191, the North Dakota Supreme Court cogently observed:

"The City contends that even if these documents are subject to the open-record law, PDI is an independent contractor and not an agent of the City, and the

documents were in the possession of PDI. However, whether PDI is an independent contractor or an agent is not relevant ***.

"PDI was hired by the City to screen and evaluate candidates for a public office. If the City had undertaken this task without hiring PDI, the applications would clearly have been subject to the open-record law. We do not believe the open-record law can be circumvented by the delegation of a public duty to a third party, and these documents are not any less a public record simply because they were in the possession of PDI." *Id.* at 172.

{¶ 15} Finally, resumes and supporting documentation provided by the safety-director applicants are not exempt trade secrets. See R.C. 1333.61(D); *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 264, 602 N.E.2d 1159, 1163-1164 ("The protection of competitive advantage in private, not public, business underpins trade secret law.").

{¶ 16} Based on the foregoing, insofar as Gannett's requests for records included resumes and supporting documents of the safety-director applicants, its requests were proper in that these records were not exempt from disclosure under R.C. 149.43.

{¶ 17} The remaining *Pennington* factors are also present as to Gannett's requests for records from Shirey. Shirey failed to comply with Gannett's requests, forcing Gannett to file this mandamus action. Following the institution of this action, Shirey finally complied with the requests, although by that time some of the requested resumes and supporting documents had been destroyed. Therefore, pursuant to *Pennington*, we may exercise our discretion to consider whether an attorney fees award is appropriate against Shirey.

{¶ 18} Gannett must demonstrate a sufficient benefit to the public to warrant an award of attorney fees, and we may also consider the reasonableness of the custodian's failure to comply, since attorney fees are regarded as punitive. *State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 145, 647 N.E.2d

1374, 1379; *State ex rel. The Warren Newspapers, inc. v. Hutson* (1994), 70 Ohio St.3d 619, 626, 640 N.E.2d 174, 180; *State ex rel. Beacon Journal Publishing Co. v. Ohio Dept. of Health* (1990), 51 Ohio St.3d 1, 4, 553 N.E.2d 1345, 1347.

{¶ 19} Gannett has established a sufficient public benefit. See *Plain Dealer*, 75 Ohio St.3d at 36-37, 661 N.E.2d at 192, quoting *Kenai v. Kenai Peninsula Newspapers* (Alaska 1982), 642 P.2d 1316, 1324 ("'The qualifications of the occupants of *** offices [with substantial discretionary authority] are of legitimate public concern. *** It is not intuitively obvious that most well qualified potential applicants for positions of authority in municipal governments will be deterred by a public selection process ***.'").

{¶ 20} In addition, given the decisions in *Plain Dealer* and *Dispatch Printing*, Shirey's attempt to circumvent R.C. 149.43 by contracting with a private company and his refusal to comply with Gannett's requests were unreasonable and unjustifiable. If we were to hold otherwise, governmental entities could conceal information concerning the hiring of important public officials from the public by merely delegating this uniquely public duty to a private entity. See *White v. Clinton Cty. Bd. of Commrs.* (1996), 76 Ohio St.3d 416, 419, 667 N.E.2d 1223, 1226 (The right of public to know, which underlies R.C. 149.43, includes not merely the right to know a governmental body's final decision on a matter, but the ways by which those decisions were reached.); *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 355, 673 N.E.2d 1360, 1364 ("[T]he purpose of Ohio's Public Records Act, R.C. 149.43, is to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy."). Consequently, we award attorney fees to Gannett against Shirey and order Gannett's counsel to submit a bill and documentation in support of its request for attorney fees, in accordance with the guidelines set forth in DR 2-106.

{¶ 21} Gannett also requests attorney fees against Williams. Williams's business is a private nonprofit Washington, D.C. corporation composed of persons

experienced in law enforcement and dedicated to the improvement of police forces. Most of the records retained by Williams consisted of evaluation summaries created by his corporation. There is an issue concerning whether these records, which differ from the records (*e.g.*, resumes) supplied by the applicants, constitute exempt trade secrets. Further, the only request for records made by Gannett to Williams was restricted to job criteria and copies of resumes, applications, and questionnaires submitted by applicants and did not include evaluation summaries. Therefore, with regard to the evaluation summaries, it is not evident either that Williams failed to comply with Gannett's request or that Williams lacked a reasonable basis to refuse to comply. Therefore, we deny Gannett's request for attorney fees against Williams.

{¶ 22} Based on the foregoing, we deny the writ based on mootness, grant Gannett's request for attorney fees against Shirey, and deny Gannett's request for attorney fees against Williams.

*Writ denied and request for attorney fees granted in part.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., CONCUR IN JUDGMENT ONLY.

———————————

**DOUGLAS, J., concurring in judgment only.**

{¶ 23} While the majority continues, in this decision, to rely on a test for awarding attorney fees that has no basis in the statute, the majority nevertheless does reach the proper ultimate conclusion and, accordingly, I concur in the judgment.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing opinion.

———————————