THE STATE EX REL. THE TOLEDO BLADE COMPANY *v.* BOARD OF HANCOCK COUNTY COMMISSIONERS.

[Cite as *State ex rel. The Toledo Blade Co. v. Hancock Cty. Bd. of Commrs.* (1998), 82 Ohio St.3d 34.]

(No. 97–1013—Submitted March 24, 1998—Decided May 20, 1998.)

*Fritz Byers,* for relator.

*Robert A. Fry,* Hancock County Prosecuting Attorney, for respondent.

*Baker & Hostetler LLP, David L. Marburger* and *Beth A. Brandon,* urging issuance of the writ for *amicus curiae,* Ohio Coalition for Open Government.

***Per Curiam.***

### R.C. 149.43; Mandamus

The Blade initially requested a writ of mandamus to compel the board to provide access to the settlement agreement. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426–427, 639 N.E.2d 83, 89.

As The Blade concedes, its mandamus claim is moot because the board has now given it a copy of the settlement agreement. *State ex rel. Thomson v. Doneghy* (1997), 80 Ohio St.3d 222, 685 N.E.2d 537. Therefore, we deny the writ of mandamus based on mootness.

### Request for Attorney Fees

The Blade requests attorney fees. "A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus.

The Blade satisfied the third and fourth *Pennington* requirements. It received access to the settlement agreement only after it filed this mandamus action.

Further, the Blade has established the remaining *Pennington* requirements. Although the board presented evidence disputing the propriety of The Blade's request and the board's failure to comply with that request, even the board's clerk's affidavit states that The Blade requested "paperwork" on the settled case, which is broad enough to include the settlement agreement. See *State ex rel. Gannett Satellite Info. Network v. Shirey* (1997), 78 Ohio St.3d 400, 401, 678 N.E.2d 557, 559 ("R.C. 149.43 is to be construed liberally in favor of broad access, and any doubt is to be resolved in favor of disclosure of public records.").

According to The Blade, it specifically requested to inspect all records relating to the settlement terms. The board also failed to file a merit brief disputing the propriety of an award of attorney fees. See S.Ct.Prac.R. X(11) ("If the respondent fails to file a merit brief within the time provided by this rule or as ordered by the Supreme Court, the Supreme Court may accept the relator's statement of facts and issues as correct * * *."). The settlement agreement is a public record, notwithstanding any confidentiality provision or possession of it by the attorney for the board's insurer. *Findlay Publishing Co.*

Under our unanimous holding in *Findlay Publishing Co.*, 80 Ohio St.3d at 139, 684 N.E.2d at 1226, The Blade is thus entitled to an award of attorney fees because it "has established a sufficient public benefit [by the provision of access to the requested settlement agreement], and the board failed to comply with its records request for reasons that were unreasonable and unjustifiable."

Based on the foregoing, we award attorney fees to The Blade, and order its counsel to submit a bill and documentation in support of attorney fees in accordance with DR 2–106(B).

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.