OPINION
Relator Damian Murray filed the instant petition seeking aWrit of Mandamus ordering respondent Eugene Netting, in his capacity as Mayor of the Village of Byesville, to produce for inspection and copying pursuant to R.C. 149.43, all records relating to the hiring process of the Chief of Police for the Village of Byesville. We granted a limited Writ, ordering that all documents be turned over to this court for an in camera inspection. Following such inspection, we ordered the parties to prepare briefs containing their legal arguments on the merits of the complaint.
The following documents are contained in the file: (1) resumes of the candidates for Chief of Police, (2) letters from the applicants, (3) letters of reference for the candidates, (4) questionnaires completed by the candidates, (5) evaluation forms of each candidate, (6) a list of questions asked of each candidate interviewed, (7) handwritten notes evaluating candidates during the interview process, (8) statements prepared by the candidates in response to an interview question, and (9) letters from the Village Clerk to each of the final eight candidates.
The Ohio Supreme Court has recognized that all resumes and documents submitted by applicants for a public position are public records. State ex rel. Gannett vs. Shirey (1997), 78 Ohio St.3d 400,403. Promises of confidentiality do not alter the public nature of such records. Id. With the exception of the handwritten notes, apparently made by the interviewers, all of the documents listed above are public records, and must be made available for review by relator. Respondent raises valid concerns regarding the privacy expectations of persons applying for employment in public offices. However, despite such concerns, we are bound by the decision of the legislature in the enactment of R.C. 149.43, and the interpretation thereof by the Supreme Court of Ohio.
As for the handwritten notes of the interviewers, we conclude that these are not public records as defined by R.C. 149.43. R.C.149.43(A)(1) defines "public record" as a record that is kept by any public office; it does not define a public record as any piece of paper on which a public officer writes something. State exrel. Steffen vs. Kraft (1990), 67 Ohio St.3d 439, 440, cert.denied, 114 S.Ct. 2769. Therefore, handwritten notes made by a Judge during trial are personal papers kept for his convenience, and not official records. Id. We see no reason to distinguish between a Judge's handwritten notes and the handwritten notes in the instant case. The notes were personal papers of the interviewers, used to complete the evaluation forms, to which relator is entitled. The mere fact that some of these notes happened to end up in the custody of respondent does not render them public records.
Relator has also sought an award of attorney fees. Attorney fees may be awarded in a mandamus action seeking public records when the relator demonstrates a sufficient public benefit to warrant fees. Mazzaro vs. Ferguson (1990), 49 Ohio St.3d 37. In making an award, the court may consider the reasonableness of the respondent's refusal to comply with the relator's request, and whether the respondent acted in good faith.
Relator has not demonstrated any public interest in the requested records. The records concern the hiring of a police chief for a small village in Guernsey County, Ohio. Relator has demonstrated no interest in these documents by the public, other than his personal interest as an unsuccessful candidate for the office. Further, the record does not demonstrate that respondent failed to act in good faith. There have been representations to this court by the parties that settlement negotiations were ongoing during the pendency of the Writ. In addition, it is apparent that respondent was concerned with the highly personal nature of the requested information. It is apparent that respondent was concerned that release of such personal information would violate the privacy rights of the persons applying for the position of Police Chief.
Relator's request for attorney fees is denied.
Respondent Euguene Netting, Mayor of the Village of Byesville, Ohio, is hereby ordered to produce for inspection and copying the following documents related to the hiring of a Police Chief: resumes of the candidates for Chief of Police, letters from the applicants, letters of reference for the candidates, questionnaires completed by the candidates, the candidate evaluation forms, questions asked of each candidate who was interviewed, statements prepared by the candidates in response to an interview question, and letters from the village clerk to each of the finalists.
Costs to Respondent.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the Respondent Eugene Netting, Mayor of the Village of Byesville, Ohio, is hereby ordered to produce for inspection and copying the following documents related to the hiring of a Police Chief: resumes of the candidates for Chief of Police, letters from the applicant, letters of reference for the candidates, questionnaires completed by the candidates, the candidate evaluation forms, questions asked of each candidate who was interviewed, statements prepared by the candidates in response to an interview question, and letters from the village clerk to each of the finalists.
Costs to Respondent.