DECISION AND JUDGMENT ENTRY
Relator brought this action in mandamus to compel respondents to provide copies of public records. We issued a peremptory writ, ordering respondents to comply or to answer why they should not be compelled to provide the requested documents. Respondents moved to dismiss the action, contending that relator was only entitled to the documents pursuant to Crim.R. 16. We denied that motion, determining that under the ruling of State ex rel. Steckman v. Jackman (1994), 70 Ohio St.3d 420, respondent was, under the facts of this case, entitled to the public records requested. Respondents then answered and again denied that they were required to provide the documents, citing to Steckman, supra. Eventually, after a series of pre- trials, respondents provided the public records requested by relator, rendering the instant action moot except for relator's request for attorney fees, made pursuant to R.C.149.43.
Relator has submitted an itemized list of attorney fees in an amount of $9,337.50 for 39.25 hours of actual attorney time at a rate of $250 per hour. Relator also requests an additional amount of $719.09 for related legal fees, such as postage, copying, and paralegal fees.
"A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." State ex rel.Pennington v. Gundler (1996), 75 Ohio St.3d 171, syllabus; see also,State ex rel. Toledo Blade Co. v. Board of Hancock County Co. (1998),82 Ohio St.3d 34, 36.
If a relator establishes the Pennington factors, the court may then determine whether an award is appropriate. State ex rel. Gannett v.Shirey (1997) 78 Ohio St.3d 400, 404; State ex rel. Toledo Blade Co.,supra. Relator must demonstrate a sufficient benefit to the public to warrant an award of attorney fees, and the reasonableness of respondent's failure to comply. Id.
In this case, we have already determined that relator made a proper request for public records and respondents failed to comply with that request. Respondents eventually complied, but only after the mandamus action was filed. Thus, we conclude that, although the mandamus action is now moot, relator has met all four of the Pennington requirements to be entitled to an award of reasonable attorney fees. Therefore, pursuant to _Pennington, we may exercise our discretion to consider whether an award of attorney fees is appropriate.
Respondent has throughout this action vigorously attacked the propriety of relator's request for the specified documents. We are compelled to note, however, that while relator's initial documentary request may have been overly broad and may have encroached on the area encompassed by Crim.R. 16, the second request was clearly proper under the terms of R.C. 149.43. Therefore, we conclude that relator has established a sufficient public benefit and that respondents unreasonably delayed in providing the documents requested, warranting an award of attorney fees.
Accordingly, we find that relator's request for a writ of mandamus is moot. Upon due consideration, however, we order respondents to pay relator's attorney and legal fees. We conclude that an hourly rate of $250 is somewhat excessive considering the clearness of the law now emerging in this area and also considering the factors contained in DR 2-106. Therefore, we award, as reasonable, attorney fees at the rate of $150 per hour for a sum of $5,887.50 plus expenses of $719.09, for a total of $6,606.59. Respondents are also ordered to pay the court costs of this appeal.
Peter M. Handwork, J., JUDGE
Melvin L. Resnick, J., James R. Sherck, J., JUDGE, CONCUR.