[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 176.]

THE STATE EX REL. OLANDER, CROSS-APPELLANT, v. FRENCH ET AL., CROSS-APPELLEES.

[Cite as *State ex rel. Olander v. French*, 1997-Ohio-171.]

*Public records—Factors considered when deciding whether to award attorney fees.*

(No. 96-1695—Submitted October 16, 1996—Decided July 9, 1997.)

CROSS-APPEAL from the Court of Appeals for Franklin County, No. 96APD04-501.

_____

{¶ 1} On December 26, 1995, cross-appellant Thomas J. Olander filed a public records request with the Ohio Environmental Protection Agency ("OEPA"), seeking all public records regarding his termination from his post at the OEPA. His request was made during the appeal of his termination to the Personnel Board of Review ("PBR"). Among the items requested were the following:

"All documents reflecting the activities of Ms. Judith French during the time period in which information was gathered concerning any actions of Mr. Olander which could be the subject of disciplinary action against Mr. Olander."

{¶ 2} On February 14, 1996, Olander expanded his records request to include "[a]ll records created and/or maintained by Judith French and/or Melissa Shilling between March 1, 1994 and November 30, 1995 which concern * * * Tom Olander. * * * "

{¶ 3} At the time of Olander's termination, French was the OEPA's Deputy Director for Legal Affairs. Shilling was the agency's Ethics and Employment Counsel. Documents were produced on January 16, 1996 by Assistant Attorney General Frank Reed. Reed was OEPA's counsel in Olander's PBR hearing. Through further discovery, including the deposition testimony of French, it became

apparent that some of the items which Olander had sought in his public records requests had not been produced. Reed argued that those documents were protected by the attorney-client privilege that existed between attorneys French and Shilling and the OEPA.

{¶ 4} On April 22, 1996, Olander filed an original action for mandamus in the Court of Appeals for Franklin County to enforce his public records request. Besides memoranda produced by French and Shilling, Olander also sought documents prepared for respondent Donald R. Schregardus, Director of Environmental Protection. The basis of Olander's complaint in mandamus was that since French and Shilling were not employed by the Ohio Attorney General, they were precluded from acting as attorneys for OEPA by R.C. 109.02. Since they could not act as OEPA's attorneys, no attorney-client privilege existed.

{¶ 5} Olander filed a motion for summary judgment. The respondents moved to dismiss the complaint on the basis that the requested documents were privileged. The appellate court converted the motion into one for summary judgment. On July 16, 1996, the court of appeals found in favor of Olander regarding the issue of privilege. The court framed the issue as "whether the work product of licensed attorneys who are hired to work for a state agency without appointment as assistant attorneys general is subject to disclosure upon a public records request pursuant to R.C. 149.43." Citing R.C. 109.02, which states that "no * * * institution of the state shall employ, or be represented by," any attorney other than the Attorney General, the court held that an attorney-client privilege does not exist between a state agency and attorneys employed by the agency unless the attorneys have been appointed by the Office of the Attorney General. The court found that "[t]he fact that a licensed attorney is hired to perform duties within the state bureaucracy does not transform the work-product of that individual on behalf of the state into documents capable of being hidden from the media and the public at large."

2

{¶ 6} The court issued a writ of mandamus, compelling the respondents to make available for review and copying several memoranda from French to "the file," a memorandum from French to the OEPA's assistant director and deputy director, several memoranda from Shilling to Olander, a six-page memorandum from Shilling, through French, to Schregardus, and a seven-page memo from French to Schregardus. Finding no bad faith on the part of the respondents, the court declined to award attorney fees to Olander.

{¶ 7} Respondents appealed and Olander cross-appealed. Respondents sought expedited review of their appeal and this court, *sua sponte*, ordered an expedited briefing schedule. The respondents' brief was not timely filed, and their appeal was therefore dismissed. The only issue remaining in this court, then, is Olander's cross-appeal on the issue of attorney fees. All briefs on that issue were timely filed.

{¶ 8} This cause is now before this court upon a cross-appeal as of right.

_____

*E. Dennis Muchnicki*, for cross-appellant.

*Betty D. Montgomery*, Attorney General, *William A. Klatt*, *Simon B. Karas*, *Vincent E. Garlock* and *Frank J. Reed. Jr.*, Assistant Attorneys General, for cross-appellees.

*Eugene P. Whetzel* and *Albert L. Bell*, urging reversal for *amicus curiae*, Ohio State Bar Association.

_____

**PFEIFER, J.**

{¶ 9} Although the issue of privilege between state agencies and their in-house counsel is not before this court, our decision on whether to award Olander attorney fees is necessarily made in the context of that issue. Since we find that the OEPA and its counsel were reasonable in their position that OEPA's communications with its in-house counsel were privileged, and because the public

benefit gained by the success of Olander's mandamus action was not significant enough to itself merit an award of attorney fees, we find that the court of appeals did not abuse its discretion in declining to award attorney fees in this case.

{¶ 10} The award of attorney fees in a public records case is not automatic. R.C. 149.43(C) allows a court to use its discretion in awarding such fees. *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443. In granting or denying attorney fees, the court should consider the reasonableness of the government's failure to comply with the public records request and the degree to which the public will benefit from release of the records in question. *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 626, 640 N.E.2d 174, 180. We find that both factors support the decision of the court of appeals in this case.

{¶ 11} This court found in *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 249, 643 N.E.2d 126, 130, that "[r]ecords of communications between attorneys and their state-government clients pertaining to the attorneys' legal advice are excepted from disclosure under R.C. 149.43(A)(1), since the release of these records is prohibited by state law." In *Thomas*, the attorney whose communications were at issue was employed by Ohio State University's Office of Legal Affairs. This court did not have to rule on the issue of whether the attorney's in-house position affected the attorney-client privilege, since the attorney had been approved as an Assistant Attorney General by the Attorney General's Office. *Id.* at 250, 643 N.E.2d at 130. That was done pursuant to a "Memorandum of Understanding" between OSU and the Attorney General, which allowed OSU to employ attorneys to carry out university business with the condition that the Attorney General approve the appointments and, in turn, appoint those persons Assistant Attorneys General. *Id.* Therefore, the state of the law after *Thomas* was that this court had spoken strongly in favor of the privilege between attorneys and

their state agency clients; the issue of whether that privilege extends to attorneys not appointed as Assistant Attorneys General remained unresolved.

{¶ 12} Thus, respondents' claim of privilege in this particular case was reasonably grounded in the law. As this court noted it *Hutson*, attorney fees are regarded as punitive. *Id.,* 70 Ohio St. 3d at 626, 640 N.E.2d at 180. Certainly, courts should not be in the practice of punishing parties for taking a rational stance on an unsettled legal issue. We therefore find that the court of appeals did not abuse its discretion in refusing to award Olander attorney fees on that basis.

{¶ 13} The second factor to consider when deciding whether to award attorney fees in a public records case is the degree to which the public benefits from the release of the records. We find that the court of appeals did not abuse its discretion by finding that benefit to be minimal in this case. In *Hutson*, this court awarded attorney fees where the relator's mandamus action increased the period allowed for the inspection of records at the Warren Police Department from three hours per day to eight hours per day.

{¶ 14} Public benefit may be derived from more than just an expansion of the hours the public has access to public records. Public benefit may also result from a satisfaction of the public's right to know. In *State ex rel. Multimedia, Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 554 N.E.2d 1321, a commercial television station sought the release of police records relating to the shooting of a suspect. The station sought the records "so that complete and accurate news reports can be broadcast and reported to the public." *Id*. at 100, 554 N.E.2d at 1322. This court described the public benefit in that case as "manifest" and granted the relator's request for attorney fees. *Id*.

{¶ 15} In *State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 145, 647 N.E.2d 1374, 1379, this court found that the relator "demonstrated a sufficient public benefit" in the release of personal background and investigation reports of police recruits to merit an award of attorney fees.

**{¶ 16}** The release of records in the present case confers its benefits mostly on Olander in his personal battle against a former employer. The public benefit lies more with the exposure of the OEPA's seeming repudiation of R.C. 109.02 than it does with expanded access to public records.

**{¶ 17}** Therefore, since the OEPA refused Olander's disputed public records requests in good faith, and because the public benefit of releasing those records, if any, is not great enough to support an award of attorney fees on its own, we find that the court of appeals did not abuse its discretion in denying attorney fees to Olander in this case.

*Judgment affirmed.*

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

_____

**DOUGLAS, J., dissenting.**

**{¶ 18}** Once again a majority applies the wrong test in determining the issue of entitlement to attorney fees for a plaintiff who succeeds in an R.C. 149.43 public records case. The statute does *not* say an award is discretionary. The statute does *not* say that a court "should consider the reasonableness of the government's failure to comply" with the law. The statute does *not* say that a court should consider "the degree to which the public will benefit from release of the records in question." The history of the statute and the confirmation of the policy and rule as so clearly and concisely set forth by Justice Francis E. Sweeney in *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 175-178, 661 N.E.2d 1049, 1052-1054 (F.E. Sweeney, J., concurring in part and dissenting in part), should have, by this late date, laid the issue to rest. "Hope springs eternal in the human breast." Pope, Essay on Man. The longer we keep giving encouragement (by not awarding attorney fees) to those who choose to ignore the public records law, the more we will see violations of the law.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

_____