[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 50.]

THE STATE EX REL. WADD, D.B.A. COUNTY INFORMATION

SYSTEMS, *v*. CITY OF CLEVELAND ET AL.

[Cite as *State ex rel. Wadd v. Cleveland*, 1998-Ohio-444.]

*Public records—Mandamus granted to compel Cleveland, its police chief, and*
*police records file section commander to prepare and provide access to*
*motor vehicle accident reports within eight days after accidents occur—*
*Request for attorney fees denied, when.*

(No. 97-686—Submitted December 9, 1997—Decided February 11, 1998.)

IN MANDAMUS.

———————————

{¶ 1} Respondent city of Cleveland is divided into six police districts. When a motor vehicle accident occurs in Cleveland that disables the automobiles involved, a police officer in the district where the accident occurred makes a report at the accident scene. If the automobiles are not disabled, the individuals involved in the accident make a report with any district police officer, which sometimes causes duplicate accident reports. The Cleveland Police Division's Traffic and Accident Investigation units also create motor vehicle accident reports. Supervisors of the reporting officers review the reports for completeness and accuracy and forward them to the Records File Section of the Cleveland Police Division. The records section staff then processes the reports by eliminating duplicates, detecting errors and omissions, redacting exempt information, and assigning numbers to the reports.

{¶ 2} Prior to April 1996, Cleveland made unnumbered motor vehicle accident reports available for inspection and copying on the day following the accident. After April 1996, Cleveland did not give access to accident reports until completion of processing.

**{¶ 3}** Relator Dean Wadd owns a sole proprietorship known as County Information Systems, which obtains motor vehicle accident reports from various municipalities and political subdivisions in northern Ohio and furnishes them to lawyers and doctors. On November 12, 1996, Wadd requested to inspect reports of motor vehicle accidents that occurred in Cleveland on November 11, 1996. Despite Wadd's repeated demands for these records, he was not given access to the reports until twenty-three days after his initial request. On numerous other occasions, when Wadd requested to inspect reports for accidents occurring the previous day, Cleveland waited from twelve to twenty-three days after the requests, *i.e.*, thirteen to twenty-four days following the accidents, to provide access.

**{¶ 4}** In contrast, other Ohio cities provide access to motor vehicle accident reports within seven days after the accidents occur. For example, Columbus provides access to reports the day after the accident, and Cincinnati makes reports available to the public within three to five days after the accident.

**{¶ 5}** In 1997, Wadd filed this action for a writ of mandamus to compel respondents, Cleveland, its police chief, and its police records file section commander, to prepare and provide access to motor vehicle accident reports within eight days after the accidents occur. After Cleveland installed a new computer system and assigned additional employees to assist in the processing of motor vehicle accident reports, it reduced the delay in making the reports available to the public to an average of ten days, and a low of seven days, from the dates of the accidents. We issued an alternative writ, and the parties presented evidence and briefs.

**{¶ 6}** This cause is now before the court for a consideration of the merits.

———————————

*John J. Duffy & Associates* and *William J. Kerner, Jr.*, for relator.

*Sharon Sobol Jordan*, Cleveland Director of Law, *Joseph J. Jerse*, Acting Chief Assistant Director of Law, and *Tina L. Myles*, Assistant Director of Law, for respondents.

_____

*Per Curiam.*

R.C. 149.43;  General Standards

{¶ 7} Wadd asserts in his first and second propositions of law that he is entitled to a writ of mandamus to enforce R.C. 149.43.  Mandamus is the appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43.  *State ex rel. Leonard v. White* (1996), 75 Ohio St.3d 516, 516, 664 N.E.2d 527, 528.  R.C. 149.43 must be liberally construed in favor of broad access, with any doubt resolved in favor of disclosure of public records.  *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 376, 662 N.E.2d 334, 336.

Mootness

{¶ 8} Wadd does not contend that he has been denied access to the requested records.  Instead, he claims that he has not been afforded access with the requisite promptness.  Wadd challenges the timeliness of respondents' provision of records rather than the complete refusal to provide records.  Therefore, this is not a case that comes within the ambit of the general rule that provision of requested records to a relator in an R.C. 149.43(C) mandamus action renders the mandamus claim moot.  See *State ex rel. Gannett Satellite Info. Network v. Shirey* (1997), 78 Ohio St.3d 400, 401-402, 678 N.E.2d 557, 559-560, and cases cited therein.

{¶ 9} In addition, this mandamus action is not moot because there exist important issues that are capable of repetition yet evading review.  *Id.*, 78 Ohio St.3d at 402, 678 N.E.2d at 560, citing *State ex rel. Margolius v. Cleveland* (1992), 62 Ohio St.3d 456, 456-457, 584 N.E.2d 665, 667, fn. 1.  This case raises the important issue of when public records must be prepared and made available to the public for inspection and copying.  *When* records are available for public inspection

and copying is often as important as *what* records are available. See, *e.g.*, H.R.Rep. No. 876, 93d Cong., 2d Sess. 6, 1974 U.S.Code Cong. & Admin.News at 6267, 6271, where the legislative history of the 1974 amendments to the federal Freedom of Information Act ("FOIA") acknowledges that "information is often useful only if it is timely"; see, generally, 1 O'Reilly, Federal Information Disclosure (2 Ed.1995) 7-20, Section 7.06, construing FOIA.

{¶ 10} Based on the foregoing, this case is not moot, and we proceed to consider the merits of Wadd's mandamus claim.

Mandamus;  Promptness

{¶ 11} Wadd asserts in his first and second propositions of law that respondents' thirteen- to twenty-four-day delay to provide access to accident reports from the dates the accidents occurred was unreasonable and that respondents must provide access within eight days following the accidents.

{¶ 12} R.C. 149.43(B) provides that "[a]ll public records shall be *promptly* prepared and made available for inspection to any person at all reasonable times during regular business hours." (Emphasis added.)  See, also, *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134, quoting *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 1132, paragraph five of the syllabus (" 'Routine offense and incident reports are subject to immediate release upon request.' ").  A mandamus action under R.C. 149.43(C) is appropriate "[i]f a person allegedly is aggrieved by the failure of a governmental unit to promptly prepare a public record and make it available to the person for inspection in accordance with [R.C. 149.43(B)]."

{¶ 13} The word "promptly" is not defined in R.C. 149.43 or any other applicable statute.  Therefore, it must be accorded its usual, normal, or customary meaning.  *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353; R.C. 1.42.  "Promptly" means "without delay and with reasonable speed" and its meaning "depends largely on the facts in

each case." Black's Law Dictionary (6 Ed.1990) 1214. This comports with the application of a reasonableness test for the analogous FOIA requirement that federal agencies make public records "promptly" available to the public. See, *e.g.*, *Strout v. United States Parole Comm.* (C.A.6, 1994), 40 F.3d 136, 138; see, also, 1 O'Reilly, Federal Information Disclosure, at 7-24, fn. 126.

{¶ 14} The pertinent facts in this case establish that respondents did not act promptly when they delayed for up to twenty-four days after accidents to provide access to accident reports. First, respondents provided access to accident reports within one day after accidents prior to April 1996. Second, respondents now claim that they are providing access to accident reports within seven days after accidents. Third, other Ohio municipalities mentioned in this case, including comparably large cities like Columbus and Cincinnati, generally provide access to their accident reports within seven days of accidents.

{¶ 15} Respondents assert that their installation of a new computer system, as well as Cleveland's policy of processing "raw" accident reports into "final" form prior to providing access, supports their argument that they acted reasonably by delaying access to requested accident reports. But their own concession that they are now capable of providing access to accident reports within seven days of accidents undermines this assertion. Further, there is nothing to suggest that Wadd would not be entitled to public access of the preliminary, unnumbered accident reports following prompt redaction of exempt information such as Social Security numbers.[1] But, cf., *State ex rel. Logan Daily News v. Jones* (1997), 78 Ohio St.3d 322, 324, 677 N.E.2d 1195, 1197.

{¶ 16} Respondents also note that their efforts at preparing and providing access to accident reports should be judged by the city's efforts, despite scarce

---

1. According to respondents' evidence, Columbus provides access, and, prior to April 1996, Cleveland provided access to these "raw unprocessed" accident reports.

resources, to improve the processing of accident reports. Respondents emphasize that Cleveland faces a "volume of reports that would undoubtedly overwhelm * * * smaller communities." These assertions, however, do not absolve respondents' failure to act with the requisite promptness in preparing and providing access to accident reports because " '[n]o pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time.' " *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 111, 529 N.E.2d 443, 446, quoting *State ex rel. Beacon Journal Publishing Co. v. Andrews* (1976), 48 Ohio St.3d 283, 289, 2 O.O.3d 434, 437, 358 N.E.2d 565, 569.

{¶ 17} Finally, respondents' contention that Wadd's records requests were improper general requests is likewise meritless. Wadd did not request "complete duplication" of respondents' files; instead, he properly requested accident reports for specific dates. See *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 624, 640 N.E.2d 174, 179, citing *State ex rel. Waterman v. Akron* (Oct. 21, 1992), Summit App. No. 14507, unreported, 1992 WL 308525; cf. *State ex rel. Zauderer v. Joseph* (1989), 62 Ohio App.3d 752, 577 N.E.2d 444.

{¶ 18} Based on the foregoing, and after according R.C. 149.43(B) the required liberal construction in favor of access, we hold that respondents failed to promptly prepare and provide access to the requested accident reports when they engaged in delays of up to twenty-four days following accidents (and twenty-three days after requests) to comply with Wadd's requests. We grant Wadd's request for a writ of mandamus to compel respondents to prepare and provide access to motor vehicle accident reports within eight days after accidents occur.[2] As respondents

---

2. Wadd does not currently request such access in a shorter period of time, and the court consequently does not need to consider his entitlement to these records in an even briefer period of time than he requests.

now concede, they are capable of providing this access to reports within seven days after accidents occur.

Attorney Fees

{¶ 19} In his third proposition of law, Wadd asserts that he is entitled to an award of attorney fees. An award of attorney fees in a public records case is not mandatory because R.C. 149.43(C) permits courts to exercise discretion in awarding these fees. *State ex rel. Fox*, at paragraph two of the syllabus; *State ex rel. Olander v. French* (1997), 79 Ohio St.3d 176, 179, 680 N.E.2d 962, 964.

{¶ 20} In granting or denying attorney fees under R.C. 149.43(C), courts consider the reasonableness of the government's failure to comply with the public records request and the degree to which the public will benefit from release of the records in question. *Id.*, 79 Ohio St.3d at 179, 680 N.E.2d at 964, citing *Warren Newspapers*, 70 Ohio St.3d at 626, 640 N.E.2d at 180. Applying these factors here mandates a denial of Wadd's request for attorney fees.

{¶ 21} First, respondents had a reasonable basis to believe that they were complying with R.C. 149.43(B) in the absence of settled law on the issues raised here. As conceded by Wadd, this case raises issues of "first impression" with "little case authority." "[C]ourts should not be in the practice of punishing parties for taking a rational stance on an unsettled legal issue." *Olander*, 79 Ohio St.3d at 179, 680 N.E.2d at 965.

{¶ 22} Second, although Wadd's mandamus action has resulted in some public benefit, the degree of the public benefit is questionable, since even by the time he filed this mandamus action, he conceded that respondents had already achieved some success in reducing the original thirteen- to twenty-four-day delay in providing access to accident reports.

{¶ 23} Accordingly, we grant a writ of mandamus to compel respondents to prepare and provide access to motor vehicle accident reports within eight days after accidents occur, and deny relator's request for attorney fees.

*Writ granted
and attorney fees denied.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur in part and dissent in part.

————————————

**DOUGLAS, J., concurring in part and dissenting in part.**

{¶ 24} I concur in the judgment of the majority in the issuing of a writ. I dissent with regard to the denial, by the majority, of attorney fees to the relator. Once again the majority uses the wrong standard with regard to the entitlement to attorney fees of a successful relator in a mandamus action brought pursuant to R.C. 149.43. It is hard to conceive what might not fit into the amorphous, subjective standard of "reasonable basis to believe" and/or " public benefit." Attorney fees should be awarded.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing opinion.

————————————