OPINION
{¶ 1} Defendant-Appellant, Janice Porter, appeals a Seneca County Common Pleas Court judgment, granting Plaintiff-Appellee's, Sue Herbert, motion for judicial dissolution of Professional Restaffing of Ohio ("PRO"). Porter contends that the trial court's judgment ordering judicial dissolution was contrary to law. Finding the dissolution of PRO was permissible under R.C. 1701.91(A)(4), we affirm the judgment of the trial court.
 {¶ 2} Porter and Herbert, along with Sue Herbert's husband, Larry Herbert (hereinafter jointly referred to as "Herberts"), were the co-owners of PRO, an Ohio corporation located in Tiffin, Ohio. PRO was incorporated in 1988 and served as a temporary staffing agency. The Herberts each held twenty-five percent of PRO's shares, while Porter owned the remaining fifty percent of the shares. From 1988 until 2003, PRO profited; however, the working relationship between the Herberts and Porter was strained. The Herberts dissatisfaction ultimately culminated when Porter drew two twenty thousand dollar checks from PRO's line of credit for herself and her husband
 {¶ 3} In November of 2002, the Herberts filed their initial complaint against Porter, alleging conversion of funds, breach of fiduciary duties, breach of contract and quantum meruit. The Herberts also sought an injunction preventing Porter from drawing any additional PRO funds. In May of 2003, the Herberts amended their complaint to include judicial dissolution of PRO, pursuant to R.C. 1701.91.
 {¶ 4} On August 1, 2003, the Herberts, notified Porter of a shareholder's meeting to be held on August 18, 2003, to elect directors. At the August 18, 2003 meeting, the Herberts attended with their attorneys and Porter attended with her attorney by phone. No objections to service of notice for the meeting were raised. During the meeting, both Porter and Sue Herbert were elected as directors. However, the third director seat remained vacant, because the Herberts voted for Larry Herbert and Porter voted for her husband
 {¶ 5} On September 2, 2003, the dissolution hearing was held. Both Porter and Herbert testified to the event that took place during the August 18, 2003 meeting. Based on the evidence presented, the court granted the order for PRO's dissolution pursuant to R.C. 1701.91(A)(4). It is from this judgment Porter appeals, presenting the following sole assignment of error for our review.
The trial court erred as a matter of law by ordering ajudicial dissolution of the corporation, professional restaffingof Ohio, Inc., ("PRO") Under R.C. 1701.91(A)(4).
 {¶ 6} In her sole assignment of error, Porter asserts that the trial court erred as a matter of law in ordering that PRO be dissolved under R.C. 1701.91(A)(4). Specifically, Porter argues that the court erred in ordering PRO's dissolution, because she was never served with proper notice of the August 18, 2003 shareholder's meeting, the court did not make a finding that PRO was deadlocked before granting the dissolution, the court did not explore other available remedies prior to granting the dissolution and a unilateral increase in compensation was not cause for deadlock.
 {¶ 7} Upon a review of the record, we find that the Porter's arguments are without merit and that court properly granted dissolution pursuant to R.C. 1701.91(A)(4).
 {¶ 8} R.C. 1701.91 provides for judicial dissolution, stating in pertinent part:
(A) A corporation may be dissolved judicially and its affairswound up:
 (4) By order of the court of common pleas of the county inthis state in which the corporation has its principal office, inan action brought by one-half of the directors when there is aneven number of directors or by the holders of shares entitlingthem to exercise one-half of the voting power, when it isestablished that the corporation has an even number of directorswho are deadlocked in the management of the corporate affairs andthe shareholders are unable to break the deadlock, or when it isestablished that the corporation has an uneven number ofdirectors and that the shareholders are deadlocked in votingpower and unable to agree upon or vote for the election ofdirectors as successors to directors whose terms normally wouldexpire upon the election of their successors. Under thesecircumstances, dissolution of the corporation shall not be deniedon the grounds that the business of the corporation has been orcould be conducted at a profit. (emphasis added).
 {¶ 9} In her first argument, Porter argues that the she did not receive proper service of notice for the August 18, 2003 meeting. However, Porter failed to raise an objection at the hearing before the trial court. See Shorer v. Cordis Corp.
(1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, overruled on other grounds at Collin v. Sotka (1998), 81 Ohio St.3d 50,692 N.E.2d 581. Furthermore, she attended the August 18, 2003 meeting and fully participated without objection. Accordingly, Porter has waived her right to raise this issue on appeal.
 {¶ 10} Next, Porter argues that the trial court failed to make the proper statutory findings, in that the court failed to establish that PRO was deadlocked prior to ordering dissolution. Here, the trial court, in its journal entry found that the parties were "moving and acting in a deadlocked manner." While Porter argues there has been no finding that PRO was deadlocked, we do not find the court's language to be defective. Furthermore, upon a review of the entire record we find that there is sufficient evidence to support a finding of deadlock under R.C.1701.91(A)(4). Here, PRO had an uneven number of directors and as of the August 18, 2003 meeting, the shareholders were deadlocked in their voting power. While the shareholders were able to agree on two directors, they were deadlocked as to the third director. Janice Porter had nominated her husband, while Sue Herbert nominated Larry Herbert. Porter, with her fifty percent of the shares, voted for her husband, and Sue Herbert and Larry Herbert, who each held twenty-five percent of the shares, voted for Larry Herbert. Accordingly, the PRO shareholders were clearly "deadlocked in voting power and unable to agree upon or vote for the election of directors * * *." R.C. 1701.91(A)(4). Finding PRO's situation to be exactly the type of situation R.C.1701.91(A)(4) provides for, the trial court's determination granting dissolution was clearly proper.
 {¶ 11} Finally, Porter argues that the trial court failed to explore other remedies and that a unilateral increase in compensation is not cause for the court to find deadlock. There is no statutory requirement that the trial court explore alternative remedies. Additionally, based on the foregoing, we find there is clear statutory authority to support the court's judgment, ordering PRO's dissolution.
 {¶ 12} Finding the court had clear authority under R.C.1701.91(A)(4) to grant the order for PRO's dissolution, Porter's assignment of error is overruled.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.