[Cite as *Slattery v. Cleveland*, 2018-Ohio-4591.]

| ROBERT SLATTERY | Case No. 2018-01160PQ |
|---|---|
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} On October 29, 2017, requester Robert Slattery submitted a public records request to respondent City of Cleveland for "Copy of all computer entries for 09/19/2015 of Police Calls for Service for 7707 Carnegie Avenue, Lancer's Motel." (Complaint at 2.) On August 1, 2018, 277 days after the request, the Cleveland Public Records Center advised Slattery that "[t]he City has reviewed its files and has located responsive records to your request. Please log in to the Cleveland Public Records Center at the following link to retrieve the appropriate responsive documents." (*Id.*)

{¶2} On August 6, 2018, Slattery filed a complaint pursuant to R.C. 2743.75 alleging "Major delays in response" in violation of R.C. 149.43(B). (Complaint at 1.) Slattery did not allege that Cleveland had not provided access to the requested records, but that "lack of attention to records request by the City of Cleveland has cost me finacially [sic]. * * * I am requesting the Court of Claims to help correct this issue." (*Id.*) Following unsuccessful mediation, the City filed its motion to dismiss (Response).

**Remedy Under R.C. 2743.75**

{¶3} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20.

Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

### Motion to Dismiss

{¶4}    The City moves to dismiss the complaint on the grounds that Slattery's claim for production of records was moot prior to his filing of the complaint. (Response at 2.) In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶5}    The complaint does not allege failure to provide access to requested records, or seek the remedy of production of records. There is thus no claim for production to moot. Slattery alleges only the failure of the City to timely provide the requested records, which describes a separate violation of R.C. 149.43(B)(1). Although Slattery vaguely asks the court "to help correct this issue" as the remedy for this violation, I recommend that the motion to dismiss be denied, and the case decided on the merits.

### Requirement to Provide Records Timely

{¶6}    A public office must provide requested copies "within a reasonable period of time." R.C. 149.43(B)(1). The duration of a "reasonable period of time" is evaluated based on the facts and circumstances of each case. *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 8-22. The fact that

a public office deals with many other public records requests is not an acceptable excuse for delay. *State ex rel. Wadd v. Cleveland,* 81 Ohio St.3d 50, 53-54, 689 N.E.2d 25 (1998).

{¶7}    Slattery's request narrowly identified computer entries for calls for service from a particular street address on a specific date. Slattery asserts that the 277 days that elapsed between his request and the provision of the records was beyond any "reasonable period of time" to locate and deliver the records. The City did locate and produce the records, and offers no explanation for the delay. The City's pleadings do not dispute the untimeliness of the response. The City argues only that Slattery is not entitled to statutory damages or attorney fees under R.C. 149.43(C). I find clear and convincing evidence that the 277 day delay in producing records under the facts and circumstances in this case was a violation of R.C. 149.43(B)(1).

### Purpose of the Public Records Act

{¶8}    The purpose of the Public Records Act "is to expose government activity to public scrutiny, which is absolutely necessary to the proper working of a democracy." *State ex rel. Whio-Tv-7 v. Lowe*, 77 Ohio St.3d 350, 355, 673 N.E.2d 1360 (1997). The Public Records Act serves a laudable purpose by ensuring that governmental functions are not conducted behind a shroud of secrecy. *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690, 970 N.E.2d 939, ¶ 40. With respect to timely provision of records, the Ohio Supreme Court recognizes that "[w]hen records are available for public inspection and copying is often as important as what records are available," *Wadd* at 52, and therefore belated provision of the requested records does not render *a mandamus action* moot. *Id.*

{¶9}    However, in contrast to an enforcement action in mandamus, *see* R.C.149.43(C)(2), the special statutory remedy under R.C. 2743.75 is intended to provide an "expeditious and economical procedure" to resolve public records disputes. R.C. 2743.75(A). The statute provides that if the court of claims determines that the

public office denied the requester access to public records in violation of 149.43(B), the primary remedies include an order requiring disclosure of requested records, and recovery from the public office of the filing fee and "other costs associated with the action that are incurred by" the requester. The statute expressly excludes attorney fees as an available remedy. R.C. 2743.75(F)(3).

{¶10} While the City has violated its timeliness obligations, this court possesses no authority "to correct this issue" going forward, either by injunction or through any meaningful financial sanction. Slattery's frustration with the City of Cleveland is understandable, but the remedy available from this court is best invoked earlier, when an expeditious and economical ruling could compel production before the utility of the record is lost. Alternatively, requester has the option of filing claims in mandamus, where additional sanctions may be available.

{¶11} This case is distinct from those in which a claim of untimely production is but one among other claims that access has been denied. Nor is this to say that different facts and circumstances may not justify recourse to R.C. 2743.75 where all responsive records have been produced. However, the statute provides the court with the ability on its own motion, upon recommendation of the special master, to dismiss the complaint at any time. R.C. 2743(D)(2). The special master cautions Slattery that he will consider early recommendation of dismissal of future complaints that expressly have no other purpose than to chastise a public office for untimeliness.

**Conclusion**

{¶12} I recommend that respondent's motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) be denied. Upon consideration of the pleadings and attachments, I find that requester has established by clear and convincing evidence that respondent violated R.C. 149.43(B)(1) by not providing Slattery with the requested records within a reasonable period of time. I recommend that costs be shared equally between the parties.

{¶13} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed October 19, 2018**
**Sent to S.C. Reporter 11/14/18**