THE STATE EX REL. OFFICE OF MONTGOMERY COUNTY PUBLIC DEFENDER
ET AL., APPELLANTS, *v.* SIROKI, CLERK, ET AL., APPELLEES.

[Cite as *State ex rel. Montgomery Cty. Pub. Defender
v. Siroki,* 108 Ohio St.3d 207, 2006-Ohio-662.]

(No. 2005–1142—Submitted January 25, 2006—Decided March 1, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel the immediate production of public records containing Social Security numbers.

{¶ 2} On March 26, 2004, appellants, the office of the Montgomery County Public Defender and Assistant Public Defender Janet R. Sorrell, filed a petition for a writ of mandamus in the Court of Appeals for Montgomery County to compel appellees, Susan M. Siroki, Clerk of Court for the Moraine Mayor's Court, the city of Moraine, and Moraine Mayor Robert Rosencrans, to make certain records available for inspection in accordance with the Public Records Act, R.C. 149.43. Appellants alleged that on March 23, 2004, Sorrell asked to inspect the mayor's court records of Rickey Person and Robert Cochran, who had been incarcerated and charged with criminal offenses by the city of Moraine. According to appellants, Siroki offered to provide copies of the requested records but refused to permit inspection of the records except by Person's and Cochran's attorney of record. Appellants further alleged that at other times within the previous four months, Sorrell had made similar requests to inspect other records of the clerk's office, and some of those requests had been denied. Appellants further claimed that the refusal to permit inspection of records of the Moraine Mayor's Court constituted retaliation against the public defender's office.

{¶ 3} On April 21, 2004, Siroki mailed a letter to Sorrell advising her that she could inspect the public records for Person, Cochran, and any other individual who had a public record in the clerk's office. Siroki specified that public records would be made available in accordance with R.C. 149.43 and Moraine Codified Ordinances 127.02. Appellees then moved for summary judgment.

{¶ 4} On April 28, 2004, Sorrell went to the clerk's office and asked to inspect the files for Moses Kubander and Elizabeth Tabar, who had been incarcerated and brought before the mayor's court on April 26. Siroki refused to permit Sorrell to inspect the files until she had redacted the Social Security numbers from them, and, because of the size of the requested files, Siroki indicated that

the files would not be ready for inspection until the next day. Sorrell later inspected Kubander's and Tabar's files.

{¶ 5} On May 12, 2004, Sorrell requested that the clerk's office permit her to inspect the file for Michael Allen Kraph, who had been incarcerated on a Moraine criminal charge. Siroki held up Kraph's ticket on one side of a plexiglass partition, with her thumb over the Social Security number on the ticket, while Sorrell viewed the document from the other side of the partition.

{¶ 6} On May 13, 2004, appellants filed a memorandum in opposition to appellees' motion for summary judgment. Appellants claimed that notwithstanding appellees' contentions to the contrary, Siroki was not complying with R.C. 149.43 and Moraine Codified Ordinances 127.02. Appellants asserted that records had not been promptly provided and that inspection rights had been limited.

{¶ 7} Shortly thereafter, appellants moved for summary judgment. Appellants claimed that Siroki could not delay disclosure of clerk's office files until she had redacted Social Security numbers.

{¶ 8} The parties filed depositions. In her deposition, Sorrell admitted that she did not then have any outstanding request for records from Siroki that had not been satisfied. Sorrell also conceded that she did not use or need Social Security numbers. Siroki testified that a separate, private file was kept by the prosecutor, which could not be viewed by the general public until the case had been terminated.

{¶ 9} On May 13, 2005, the court of appeals denied the requested writ of mandamus insofar as appellants claimed that they were entitled to inspect the requested records immediately without any redactions of Social Security numbers. The court of appeals reasoned:

{¶ 10} "[T]o the extent the requested documents contain social security numbers, [appellees] must have a reasonable amount of time to redact such information prior to disclosing the public documents. * * * [I]t is unreasonable for the Relators to expect [appellee] Siroki to respond to their request for public documents without a moment's delay. We do not believe that [appellants] have a clear legal right to such immediacy under R.C. 149.43."

{¶ 11} The court of appeals further observed in dicta that under Moraine Codified Ordinances 127.02(1)(C)(b)(i), appellees had a policy of producing public records for inspection within two working days of the request and that such a time frame "seems reasonable," but that "to the extent [appellee] Siroki is capable of providing the requested documents to the Relators in less time, every reasonable effort should be made to do so."

{¶ 12} In addition, the court of appeals granted the writ of mandamus relating to appellees' practice of keeping a separate, nonpublic prosecutor's file and

ordered that all documents pertaining to cases in the mayor's court "must be made available to the public, upon request, regardless of whether the case is currently pending or has been finally adjudicated." The court of appeals also found Siroki's practice of making requesters view documents through a plexiglass partition to be unacceptable.

{¶ 13} In their appeal as of right, appellants assert that the court of appeals erred in holding that Siroki could redact Social Security numbers before providing access to the clerk's office files.

{¶ 14} For the following reasons, however, appellants' claim lacks merit.

{¶ 15} Appellants could have raised, but did not raise, their claims concerning the alleged failure of appellees to provide them timely access to records in their complaint or move to amend their complaint to include that claim. *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 391, 715 N.E.2d 179. In fact, appellants' complaint was limited to seeking certain records that they later admitted they had been afforded the opportunity to inspect.

{¶ 16} Further, if the parties had expressly or impliedly consented to trial of this claim under Civ.R. 15(B), appellants' request would have been comparable to one to compel appellees, including Siroki, to produce public records in the future without delay. Such claims have been found to be lacking in merit. See *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 51 ("We refuse, however, to grant the specific request by [relator] that respondents provide public records 'without delay,' because the statutory standard 'promptly' relates only to the right to inspection, and access to public records will ultimately be dependent upon the facts and circumstances of each request"); see, also, *State ex rel. Dispatch Printing Co. v. Johnson,* 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 44.

{¶ 17} Moreover, "R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials." *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 623, 640 N.E.2d 174. One of the recognized exemptions is the constitutional right of privacy, which precludes disclosure of Social Security numbers. See *State ex rel. Beacon Journal Publishing Co. v. Akron* (1994), 70 Ohio St.3d 605, 610, 640 N.E.2d 164, quoting *Greidinger v. Davis* (C.A.4, 1993), 988 F.2d 1344, 1353–1354 ("'armed with one's SSN, an unscrupulous individual could obtain a person's welfare benefits or Social Security benefits, order new checks at a new address on that person's checking account, obtain credit cards, or even obtain the person's paycheck. * * * Succinctly stated, the harm that can be inflicted from the disclosure of an SSN to an unscrupulous individual is alarming and potentially financially ruinous'").

{¶ 18} We have specifically held that public-records custodians should redact Social Security numbers from otherwise public records before disclosing them under R.C. 149.43. See, e.g., *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 25 ("in accordance with Highlander's request, Judge Rudduck should promptly make any appropriate redactions, e.g., Social Security numbers, before releasing the [court] records"); *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 53, 689 N.E.2d 25 ("there is nothing to suggest that Wadd would not be entitled to public access of the preliminary, unnumbered accident reports following prompt redaction of exempt information such as Social Security numbers"); and 2004 Ohio Atty.Gen.Ops. No. 2004–045, paragraph two of the syllabus ("Because individuals possess a constitutionally protected privacy right in their social security numbers, such numbers when contained in a court's criminal case files are not public records for purposes of R.C. 149.43").

{¶ 19} Appellants claim that because they would be subject to ethical and disciplinary sanctions, as well as criminal punishment, if they ever misused Social Security numbers provided to them in a public-records request, there is no reason to withhold those numbers before permitting appellants access to the records. In effect, appellants contend that their legitimate purpose in requesting the records overcomes any rationale to delay their ability to inspect them. Appellants' purpose, however, is irrelevant. See, e.g., *State ex rel. Wilson–Simmons v. Lake Cty. Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789. If the records were public, they would be subject to disclosure to all persons, not simply lawyers with good intentions or persons subject to additional civil penalties because of the nature of their profession.

{¶ 20} Additionally, appellants' reliance on a new affidavit attached to their merit brief in support of their appeal is misplaced. " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254, quoting *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

{¶ 21} Finally, permitting Siroki the opportunity to redact Social Security numbers before disclosing records does not contravene the purpose of the Public Records Act, which is "to expose government activity to public scrutiny." *State ex rel. WHIO–TV–7 v. Lowe* (1997), 77 Ohio St.3d 350, 355, 673 N.E.2d 1360. See, also, *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 685 N.E.2d 1223. Revealing individuals' Social Security numbers that are contained in criminal records does not shed light on any government activity.

{¶ 22} Therefore, the court of appeals did not err in holding that Siroki could redact Social Security numbers before providing access to the clerk's office files.

{¶ 23} Appellants next contend that the court erred in holding that the two-day review period provided by the ordinance was reasonable. Codified Ordinances of Moraine 127.02(1)(C) provides:

{¶ 24} "Records created through the normal operation of the Mayor's Court shall be processed through the Clerk of Court Office.

{¶ 25} " * * *

{¶ 26} "(b) Such records shall be promptly prepared and made available for inspection Monday through Friday, 8:00AM to 4:00PM. The length of time needed to prepare the record(s) will vary depending on the size of the request.

{¶ 27} "(i) The Clerk of Court shall, however, make every effort to produce the record(s) within (2) working days of the date the request is received."

{¶ 28} Appellants waived any argument challenging the propriety of the ordinance because they failed to plead this claim in their petition or otherwise raise it in the court of appeals. See, e.g., *State ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 6. And, as the court of appeals emphasized, if Siroki is capable of providing the requested records in less than two days, she should do so pursuant to R.C. 149.43(B).

{¶ 29} Based on the foregoing, the court of appeals did not err in refusing to grant a writ of mandamus to compel the immediate production of records containing Social Security numbers. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Glen H. Dewar, Montgomery County Public Defender, and Timothy Young, Deputy Public Defender, for appellants.

Bieser, Greer & Landis, L.L.P., David C. Greer, and Jennifer L. Stueve; Surdyk, Dowd & Turner Co., L.P.A., and Robert J. Surdyk, for appellees.