[Cite as *State v. Hirschy*, 2023-Ohio-3204.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO. 1-22-44

    v.

CRAIG A. HIRSCHY,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2021 0439

**Judgment Affirmed**

Date of Decision: September 11, 2023

APPEARANCES:

    *Christopher R. Bucio* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Craig A. Hirschy ("Hirschy"), appeals his conviction for aggravated burglary. For the reasons that follow, we affirm.

{¶2} This case stems from an assault by Hirschy on Thomas Blair ("Blair") over Blair's relationship with Ashley Baxter ("Baxter"), Hirschy's ex-girlfriend. In the evening hours of December 6, 2021, Hirschy entered Blair's residence in Allen County through an unlocked backdoor while Blair was asleep on his sofa. Blair was awoken by Hirschy (who was kneeling on his chest) punching him in his face causing him physical harm. Thereafter, Hirschy demanded Blair's cellphone and the pin number to open it. Hirschy gained access to the phone and deleted a voicemail message that he left Blair on October 21, 2021. After throwing the phone to the ground, Hirschy exited through Blair's backdoor.

{¶3} On January 13, 2022, the Allen County Grand Jury indicted Hirschy for aggravated burglary, in violation of R.C. 2911.11(A)(1), (B), a first-degree felony. On January 21, 2022, Hirschy appeared for arraignment and entered a not guilty plea.

{¶4} Hirschy proceeded to a jury trial on May 2 and 3, 2022, where he was found guilty of aggravated burglary.

{¶5} On June 30, 2022, the trial court sentenced Hirschy to an indefinite minimum prison term of four years to a maximum prison term of six years.

{¶6} Hirschy filed a timely notice of appeal and raises two assignments of error for our review, which we will address separately and out of order.

**Second Assignment of Error**

**The trial court committed plain error in allowing the testimony of Deputy Douglas Wuebker, without the State providing the defense notice of their intent to use these "other acts" in his Allen County trial and the trial court failing [sic] to conduct an analysis as to the admissibility of these "other acts".**

{¶7} In his second assignment of error, Hirschy raises two arguments. First, he argues that the trial court erred when it permitted the admission of other-acts evidence without requiring the State to provide notice of their intent to use other-acts evidence in advance of trial. Secondly, he argues that the trial court failed to conduct *any* analysis as to the admissibility of the other-acts evidence.

*Standard of Review*

{¶8} Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157.

{¶9} Significantly, Hirschy did not object to the trial court's admission of the purported other-acts evidence (at trial) on *any* basis. *See* Evid.R. 103(A)(1). "[I]f the party wishing to exclude evidence fails to contemporaneously object at trial

when the evidence is presented, that party waives for appeal all but plain error." *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 53-54, citing *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 59-60, *State v. Barrett*, 4th Dist. Scioto No. 03CA2889, 2004-Ohio-2064, ¶ 20, and *State v. Lenoir*, 2d Dist. Montgomery No. 22239, 2008-Ohio-1984, ¶ 19. *See* Evid.R. 103(D).

{¶10} "Crim.R. 52(B) governs plain-error review in criminal cases." *Bagley* at ¶ 55, citing *State v. Risner*, 73 Ohio App.3d 19, 24 (3d Dist.1991). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). A finding of plain error is three-fold, requiring (1) an error or deviation from law, (2) that the error is plain, or an obvious defect in the proceedings, and (3) that the error affected "substantial rights," altering the outcome of the trial. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 16, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The burden is on the party asserting plain error to demonstrate such error. *Id.* at ¶ 17, citing *State v. Jester*, 32 Ohio St.3d 147, 150 (1987).

{¶11} We "recognize[] plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Smith*, 3d Dist. Hardin No. 6-1414, 2015-Ohio-2977, ¶ 63, citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 139 and *State v. Saleh*, 10th Dist. Franklin No. 07AP-431, 2009-Ohio-1542, ¶ 68. "We may reverse [under plain-error review] only when the record

is clear that defendant would not have been convicted in the absence of the improper conduct." *Id.*, citing *State v. Williams*, 79 Ohio St.3d 1, 12 (1997). Accordingly, we will review *all* of Hirschy's arguments under his second assignment of error for plain error.

*Analysis*

{¶12} We begin by addressing whether Dep. Wuebker testified regarding other-acts evidence, and if so, whether the admission of that evidence constitutes a deviation of the law. In this case, Dep. Wuebker testified that the Mercer County dispatch received two "anonymous" 9-1-1 calls reporting a drunk driver on Carthagena Road in Mercer County. Dep. Wuebker testified that he was able to identify the "anonymous" caller as Hirschy by cross-referencing Hirschy's phone number with the caller-identification from dispatch.[1] The record reveals that Hirschy was attempting to implicate Baxter as the drunk driver. According to Dep. Wuebker, Hirschy admitted he was able to track Baxter's cellphone to Speedway Lanes in New Bremen, Auglaize County by virtue of her sharing her location with his cellphone. Dep. Wuebker stated that Hirschy told him that he and Baxter were broken up, and that he (Hirschy) went to Speedway Lanes because he wanted to return Baxter's key to her.[2] Dep. Wuebker testified that Baxter came in contact with

---

[1] Baxter provided Dep. Wuebker with Hirschy's cellphone number.
[2] Following a Christmas party hosted by their employer, Hirschy observed Baxter and Blair (coworkers) holding hands and briefly share a kiss as they exited the bowling alley.

Hirschy at Speedway Lanes nearly hitting her vehicle with his vehicle. According to Dep. Wuebker, Hirschy then began tailgating Baxter and trying to run her off the roadway as she proceeded to her home in Mercer County, Ohio. However, through his investigation, Dep. Wuebker learned that Hirschy's vehicle had collided with a fence post on Carthagena Road during his interactions with Baxter.

**{¶13}** Dep. Wuebker's testimony (regarding these events occurring in Auglaize and Mercer Counties) was necessary because it provided the trier of fact with a complete picture of what happened between Hirschy and Baxter on December 6, 2021 and because it formed the immediate background of the crime of which Hirschy was charged with in Allen County. Further, the testimony of Dep. Wuebker aided the trier of fact in their understanding of the crime. *See State v. Wainscott,* 12th Dist. Butler No. CA2015-07-056, 2016-Ohio-1153, ¶ 19, quoting *State v. Davis*, 64 Ohio App.3d 334, 340 (12th Dist.1989), citing *State v. Wilkinson*, 64 Ohio St.2d 308, 318 (1980). *See also State v. Lester*, 3d Dist. Union Nos. 14-18-21 and 14-18-22, 2020-Ohio-2988, ¶ 43.

**{¶14}** In *State v. Lester*, we concluded that Evid.R. 404(B) only applies to "[e]vidence of *other* crimes, wrongs, or acts" extrinsic to the charged offense and not those crimes, wrongs, or acts that are intrinsic to the offense since they are outside the scope of Evid.R. 404(B). (Emphasis sic.) *Lester* at ¶ 43, citing 404(B). In this case, as in *Lester*, the crimes, wrongs, or acts testified to by Dep. Wuebker

were *intrinsic* to the instant offense. *See id.*, citing *State v. Hill*, 5th Dist. Stark No. 2018CA00077, 2019-Ohio-3432, ¶ 51-52, citing *Jordan v. Dayton Testing Lab.*, 2d Dist. Montgomery No. 19741, 2004-Ohio-2425, ¶ 48 and *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir.2008).

{¶15} Here, Hirschy has failed to establish how this evidence demonstrates "evidence of *other* crimes, wrongs, or acts" bringing it within the scope of Evid.R. 404(B). *See Lester* at ¶ 43, citing *Hill* at ¶ 51-52, citing *Jordan* at ¶ 48, citing *Seigel* at 316. Thus, the record supports that the events in Auglaize and Mercer Counties are "inextricably intertwined" with Hirschy's offense, and therefore, are intrinsic to the aggravated-burglary charge in Allen County.

{¶16} Accordingly, Dep. Wuebker's testimony did not involve extrinsic acts, but rather acts intrinsic to the charged offense, and based upon our review of the record, we conclude that there is no error or deviation from the law and that plain error does not exist under the facts presented.

{¶17} Hirschy's second assignment of error is overruled.

**First Assignment of Error**

**Counsel was ineffective for failing to object to evidence for which no 404(b) notice was given, and waiving time in a Celina Municipal Court case that ultimately had a substantial impact on his trial in Allen County Common Pleas Court.**

{¶18} In Hirschy's first assignment of error, he argues that he received ineffective assistance of counsel. Specifically, Hirschy argues that his trial counsel

failed to object to the admission of other-acts evidence when no notice of intent to use other-acts evidence was provided by the State in advance of trial, and that trial counsel executed a speedy-trial waiver (in Celina Municipal Court) without Hirschy's consent.

*Standard of Review*

{¶19} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156 (1988). Therefore, in order to show trial counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687, 104 S.Ct. at 2052. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties

to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, *Lytle v. Ohio*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

**{¶20}** "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691, 104 S.Ct. at 2052. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694, 104 S.Ct. at 2067-2068.

*Analysis*

**{¶21}** As an initial matter, we must address Hirschy's attachment of Exhibit C (his trial attorney's statement of fees), Exhibit D (Hirschy's affidavit dated Feb. 27, 2023), Exhibit E (waiver of trial time limits in Celina Municipal Court, case number 21CRB00574), and Exhibit F (a summary and docket print out also from case number 21CRB00574) as an appendix to his brief as support for his first assignment of error. We (as an appellate court) are confined to the record on appeal. *See* App.R. 9. The record on appeal is comprised of the following:

> (1)   The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases.

(2) The trial court shall ensure that all proceedings of record are recorded by a reliable method, which may include a stenographic/shorthand reporter, audio-recording device, and/or video-recording device. The selection of the method in each case is in the sound discretion of the trial court[] * * *.

App.R. 9(A)(1)-(2). Significantly, the appendix of a brief is not considered part of the record on appeal. *See State v. Burgett*, 3d Dist. Marion No. 9-10-37, 2010-Ohio-5945, ¶ 30; App.R. 9(A). Moreover "[i]t is well established, [ ] that ""[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.""" *State ex rel. Municipal Construction Equipment Operators' Labor Council v. Cleveland*, 162 Ohio St.3d 195, 2020-Ohio-3197, ¶ 19, quoting *State ex rel. Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 207, 2006-Ohio-662, ¶ 20, quoting *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995), quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Because these documents were not included in the original papers and exhibits filed in the trial court, we will not consider Exhibits C, D, E, and F that were submitted by the appellant in the appendix attached to his merit brief.

{¶22} Next, we consider the first portion of Hirschy's argument relating to his trial counsel's claimed failure to object to other-acts evidence. Based upon our determination (under his second assignment of error), Dep. Wueberk's testimony involved intrinsic acts related to the instant offense and no notice was needed by the

State. The failure to raise a meritless objection to admissible evidence does not constitute a deficient or unreasonable performance. *State v. Brown*, 3d Dist. Allen No. 1-19-61, 2020-Ohio-3614, ¶ 79. Hence, Hirschy's trial counsel's handling of this evidence is neither deficient nor unreasonable.

**{¶23}** Finally, we cannot address the last portion of Hirschy's ineffective-assistance-of-counsel argument regarding his trial counsel's execution of a speedy-trial waiver without his consent (in Celina Municipal Court) since Hirschy did not file a notice of appeal related to that case. *See* App.R. 4(A)(1). Hence, we are without jurisdiction to hear an appeal of his trial counsel's action in Celina Municipal Court pursuant to App.R. 4(A)(1) nor can we address any attendant implication that the execution of such a waiver (in Celina Municipal Court) *may* have had in Allen County due to our lack of jurisdiction and corresponding record.

**{¶24}** Accordingly, Hirschy's first assignment of error is overruled.

**{¶25}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and POWELL, JR., concur.**

**\*\* Judge Stephen W. Powell of the Twelfth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**

**/jlr**